Filed 9/23/13  Ricotta v. San Diego Co. Employees Retirement Assn. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THOMAS RICOTTA, SR., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> SAN DIEGO COUNTY EMPLOYEES RETIREMENT ASSOCIATION, <br><br> Defendant and Respondent. | D062839 <br><br><br> (Super. Ct. No. 37-2012-00052700-CU-FR-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed.

Thomas Ricotta, Sr., Plaintiff and Appellant in pro. per.

Crowell & Moring, Steve P. Rice and Queena Mewers for Defendant and Respondent.

I.

INTRODUCTION

Thomas Ricotta, Sr. (Thomas) filed a complaint against the San Diego County Employees Retirement Association (SDCERA) alleging seven causes of action. All of Thomas's claims are based on the premise that SDCERA acted illegally in paying a portion of Thomas's pension benefits to the estate of his former wife, Ellen Ricotta (Ellen), pursuant to a 1998 family court order (1998 Order). Thomas maintains that the 1998 Order is defective and invalid.[1] SDCERA filed a demurrer in which it argued that it could not be held liable for obeying a court order, among other contentions. The trial court sustained SDCERA's demurrer without leave to amend and entered judgment in favor of SDCERA.

On appeal, Thomas claims that the 1998 Order is invalid on various grounds, including that the pension benefits are his separate property and may not be paid to his former wife's estate. Thomas also claims that the 1998 Order was procured by extrinsic fraud and violates federal law, including the Americans With Disabilities Act (42 U.S.C. § 12131 et. seq.).

---

[1]    Thomas also named the Estate of Ellen Ricotta (Ellen's Estate) as a defendant. The trial court granted a motion to quash the service of summons on Ellen's Estate. The motion to quash is not contained in the record and Thomas has not raised any claim pertaining to the motion in this appeal.

We conclude that SDCERA cannot be held liable for complying with the 1998 Order, and that the validity of the 1998 Order may not be adjudicated in this action. We affirm the judgment.[2]

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *The 1998 Order*

The family court entered the 1998 Order in a dissolution action between Thomas and Ellen (*In re Marriage of Ricotta* (Super Ct. San Diego County, 1993, No. DN 64503) (DN 64503).[3] The order divides certain retirement benefits earned by Thomas and provides in relevant part:

---

[2]     Thomas's briefs on appeal contain both a large number of irrelevant and extraneous factual assertions without citation to the record, as well as a number of disparaging remarks directed at members of the judiciary. For example, in his opening brief, Thomas states, "The attorneys and the attorneys in black robes steal more money than all the criminals in our prisons that used guns." Thomas's reply brief contains an extensive discussion of purported judicial corruption that is entirely irrelevant to the issues on appeal. Thomas is admonished that similar assertions in future filings in this court may subject him to sanctions.

[3]     The 1998 Order indicates that Ellen is the petitioner, Thomas is the respondent, and that SDCERA has been joined in the proceeding pursuant to Family Code section 2060. That section provides:

> "(a) Upon written application by a party, the clerk shall enter an order joining as a party to the proceeding any employee benefit plan in which either party to the proceeding claims an interest that is or may be subject to disposition by the court.

> "(b) An order or judgment in the proceeding is not enforceable against an employee benefit plan unless the plan has been joined as a party to the proceeding."

"On June 26, 1996, the Court of Appeal, Fourth Appellate District, Division One of the State of California ordered that all retirement payments awarded on behalf of [Thomas] commencing August 12, 1994 [when Thomas turned 50], and continuing thereafter, shall be divided equally between [Thomas] and [Ellen]. . . .

"[¶] . . . . [¶]

"If [Ellen] predeceases [Thomas], the portion of [Thomas's] benefit payable to [Ellen] . . . shall continue to be paid to [Ellen's] estate or designated beneficiary during [Thomas's] lifetime."

The 1998 Order further provides:

"The Court shall expressly reserve jurisdiction over the disposition of the retirement benefit earned by virtue of [Thomas's] employment with the County of San Diego and to make all necessary and appropriate orders regarding those benefits pursuant to applicable law."

B.    *Thomas's complaint in this action*

In April 2010, Thomas filed a complaint against SDCERA in which he alleged claims labeled extrinsic fraud, breach of contract, violations of the Americans With Disabilities Act (42 U.S.C. § 12131 et. seq.), violations of various provisions of the Government Code, violations of the County Employees Retirement Law (Gov. Code, § 31450), violation of the Fourteenth Amendment of the United States Constitution and injunctive relief.

In his complaint, Thomas alleged that the "[1998 Order] that gave one half of Thomas' disability pension to . . . [Ellen's Estate] is defective and invalid." Thomas claimed that SDCERA's payment of the benefits to Ellen's Estate rendered it "liable for all funds dispersed by this defective and invalid order . . . ." According to Thomas, the 1998 Order is invalid for a number of reasons, including that it was procured by extrinsic

4

fraud, Thomas did not sign the order, and the benefits that were the subject of the order are his separate property. Thomas also contended that the 1998 Order violated various provisions of federal and state law, including the County Employees Retirement Law (Gov. Code, § 31450) and the Americans With Disabilities Act (42 U.S.C. § 12131 et. seq.).

C.      *SDCERA's demurrer*

SDCERA filed a demurrer to the complaint. In its demurrer, SDCERA noted that Thomas had previously unsuccessfully sought reversal of 1998 Order both in this court and in the Supreme Court. SDCERA also noted that Thomas had unsuccessfully sought reversal of the 1998 Order by filing a lawsuit against SDCERA in 2011 in federal court.

With respect to the current action, SDCERA argued that Thomas appeared to contend that the 1998 Order was invalid to the extent that the order: (1) awards one-half of Thomas's pension payments after he turned 50 to Ellen and (2) makes the former spouse's benefits inheritable. SDCERA argued that Thomas had previously raised these same contentions in prior proceedings in this court and in the Supreme Court. SDCERA further argued that it could not be held liable for complying with the 1998 Order. SDCERA also contended that Thomas's claim for extrinsic fraud failed as matter of law because it was untimely. In addition, SDCERA maintained that Thomas would be unable to establish the "meritorious defense" element of his extrinsic fraud claim both because the doctrine of collateral estoppel precluded him from raising that defense and because the 1998 Order complied with controlling California law.

5

SDCERA requested that the trial court take judicial notice of various records pertaining to: Thomas's 1993 marital dissolution action (DN 64503); the 1998 Order entered in DN 64503; and the 2011 federal lawsuit brought by Thomas against SDCERA.

It appears that Ricotta may have filed an opposition to the demurrer, but he has not included the opposition in the record on appeal.

D.    *The trial court's ruling*

After SDCERA filed a reply, the trial court held a hearing on the motion, and later entered an order granting SDCERA's request for judicial notice and sustaining SDCERA's demurrer without leave to amend. The court reasoned in part:

> "[SDCERA's] general demurrer to [Ricotta's] entire complaint is sustained without leave to amend.  This ruling is without prejudice to the possibility of [Ricotta] seeking an order in Family Court Case No. DN 64503 to vacate [the 1998 Order].
>
> "In the current civil jurisdiction case, [Ricotta] seeks damages from SDCERA on account of SDCERA's payments of pension benefits in accordance with [the 1998 Order].  Ricotta asserts in his complaint that the [1998 Order] is defective and invalid.  If that is true, then Ricotta's remedy is to obtain an order from the Family Court vacating the order, not seeking an award of money damages in a separate civil case.  SDCERA may not be held liable for damages for complying with an existing order issued by the Family Court.  So long as the [1998 Order] remains in place . . . Ricotta's complaint fails to state facts upon which relief may be granted."

The trial court subsequently entered judgment in favor of SDCERA.

E.    *Thomas's appeal*

Ricotta appeals from the judgment.

6

## III.

## DISCUSSION

*The trial court did not err in sustaining SDCERA's demurrer without leave to amend*

Thomas contends that the trial court erred in sustaining SDCERA's demurrer without leave to amend.[4]

"In evaluating a trial court's order sustaining a demurrer, we review the complaint de novo to determine whether it contains sufficient facts to state a cause of action. [Citation.]" (*Peterson v. Cellco Partnership* (2008) 164 Cal.App.4th 1583, 1589.)

Thomas's claims for breach of contract, violations of the Americans With Disabilities Act (42 U.S.C. § 12131 et. seq.), violations of various provisions of the Government Code, violations of the County Employees Retirement Law (Gov. Code, § 31450), and violation of the Fourteenth Amendment of the United States Constitution appear[5] to be premised on Thomas's assertion that SDCERA may be held liable for money damages for distributing Thomas's benefits pursuant to the 1998 Order because the 1998 Order is invalid. None of these common law or statutory theories of liability provide that an entity may be held liable for damages for complying with an existing court order. Thus, the trial court properly sustained SDCERA's demurrer as to these causes of action.

---

4     Thomas's arguments on appeal focus on his contention that the 1998 Order is invalid.

5     As drafted, Thomas's complaint is difficult to understand.

7

With respect to Thomas's claims for extrinsic fraud and injunctive relief, Thomas appears to seek a judicial determination that the 1998 Order is invalid.[6] These causes of action fail as a matter of law because Thomas may not adjudicate the validity of the 1998 Order in this action. Rather, in light of the family court's express reservation of jurisdiction in DN 64503 "over the disposition of the retirement benefit earned by virtue of [Thomas's] employment with the County of San Diego," any attempt to declare the 1998 Order invalid must be made in that action. Thomas's claims for extrinsic fraud and injunctive relief thus also fail to state a cause of action.

Accordingly, the trial court properly sustained SDCERA's demurrer to all of Thomas's claims, without leave to amend.[7]

---

[6] For example, Thomas asserts in his complaint that a final judgment may be set aside due to extrinsic fraud. Thomas also asserts in his complaint that he has "stated a cause of action for injunctive relief [so] that no more funds from his disability pension be dispersed to the heirs of Ellen's [E]state until this issue is resolved."

[7] Thomas does not raise any argument that his complaint may be amended to properly state a cause of action.

IV.

DISPOSITION

The judgment is affirmed.  Thomas is to bear costs on appeal.


                                     AARON, J.

WE CONCUR:


           McCONNELL, P. J.


           O'ROURKE, J.